

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

          Opinion No. 0-4427
          Re: Does the commissioners' court
               have the legal authority to
               use $7,000 of the surplus in
               the interest and sinking fund
               of road district No. 2 as a
               revolving fund for the purpose
               of setting up the food stamp
               program?

       Your letter of recent date requesting the opinion of this department on the above stated question reads in part as follows:

       "I have been requested by the Commissioners Court of Jasper County, Texas, to secure the opinion of your department on the authority of the Commissioners Court to use $7000.00 of the surplus in the Interest and Sinking Fund of Road District No. 2, in Jasper County, Texas, as a revolving fund for the purpose of setting up the food stamp program in Jasper County, Texas. This money is to be used in the purchase of food stamps under the Federal Food Stamp Program, and will be only a revolving fund, which can be, if necessary, replaced in the Interest and Sinking Fund within about Twenty-four hours notice. This Federal Food Stamp Program requires that the county furnish the revolving fund for the set-up, and the surplus in the road district Interest and Sinking Fund is the only surplus which the county has to draw from for this program."

       Section 17, of Article 2351, Vernon's Annotated Civil Statutes, provides in part:

"The Commissioners Court of each county
of this State, in addition of the powers already
conferred on it by law, is hereby empowered to
create a revolving fund or funds and to make
appropriations thereto out of the general rev-
enue of such county; and such revolving fund
shall be used by such county only in cooperation
with the United States Department of Agriculture
to aid and assist in carrying out the purposes
and provisions of an Act of Congress of the
United States pertaining to the distribution
of commodities to persons in need of assistance,
under the direction of the United States Depart-
ment of Agriculture; provided, however, that the
county shall have on hand at all times either
the moneys appropriated to such revolving fund
or funds or the equivalent thereof in stamps
issued by the United States Department of Agri-
culture under the Food and/or Cotton Stamp Plan,
which stamps are convertible into cash at any
time."

Article 732a, Vernon's Annotated Civil Statutes,
authorizes any county or any political subdivision of the
county, or any road district that has been or may be created
by any general or special law to issue bonds for the purpose
of construction, maintenance and operation of macadamized,
graveled or paved roads, and turnpikes, or in aid thereof,
in any amount not exceeding one-fourth of the assessed valua-
tion of the real property of such county or political sub-
division or road district, and to levy and collect ad valorem
taxes to pay the interest on such bonds and provide a sink-
ing fund for the redemption thereof.

Article 779, Vernon's Annotated Civil Statutes,
provides:

The commissioners courts may invest sink-
ing funds accumulated for the redemption and
payment of any bonds issued by such county,
political subdivision or defined district there-
of, in bonds of the United States, of Texas, or
any county in this State; or in bonds of the
Federal Farm Loan Bank System. No such bonds
shall be purchased which, according to their
terms, mature at a date subsequent to the time
of maturity of the bonds for the payment of
which such sinking fund was created."

Article 780, Vernon's Annotated Civil Statutes, provides:

"All interest on such investments shall be applied to the sinking fund to which it belongs, and the use of such funds for any other purpose shall be considered a diversion thereof and punished as provided by article 94 of the Penal Code."

Article 779, supra, describ ed the manner and designates the bonds, which the sinking funds accumulated for the redemption and payment of any bonds issued by such county, political subdivision or defined district may be invested. However, this statute does not authorize the commissioners' court to use any portion of the surplus in the interest and sinking fund for any other purpose.

In view of the foregoing statutes it is our opinion that any surplus in the interest and sinking fund of the road district must be applied to the specific purpose or purposes for which it was raised and accumulated, which was for the redemption and payment of the bond issue and the interest thereon, except the investments authorized by Article 779, supra. Therefore, the commissioners' court has no legal authority or power to use any amount of the surplus in the interest and sinking fund of the above mentioned road district for the purpose of setting up a revolving fund for the county, to be used by said county in cooperation with the United States Department of Agriculture to aid and assist in carrying out the purpose and provisions of Section 17, Article 2351, supra, and an Act of Congress pertaining to the distribution of commodities to persons in need of assistance regarding the food and/or cotton stamp plan.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 19, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By s/ Ardell Williams
Assistant

AW:LM

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN